NUMBER 13-02-511-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      

THE STATE OF TEXAS,                                                             Appellant,

v.
 
WILLIAM NOZEY HABHAB, ET AL.,                                          Appellees.
                                                                                                                                       

On appeal from the 404th District Court of Cameron County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Hinojosa, Yañez, and Garza
Memorandum Opinion by Justice Yañez
 
            The State of Texas (appellant) appeals the trial court’s entry of final judgment in
favor of appellee, William Nozey Habhab. In its sole issue on appeal, appellant claims that
the trial court improperly limited its use of its right-of-way easement solely to Expressway
77/83. We agree that the trial court improperly limited appellant’s use of its right-of-way
easement. Accordingly, we modify the trial court’s judgment on appeal and otherwise
affirm. 
          As this is a memorandum opinion and the parties are familiar with the facts, we will
not recite them here except as necessary to advise the parties of the Court’s decision and
the basic reasons for it. See Tex. R. App. P. 47.4.
Applicable Law and Standard of Review
          When the interpretation of a contract is in issue, the trial court must first determine
whether the provisions in question are ambiguous. See Coker v. Coker, 650 S.W.2d 391,
394 (Tex. 1983). The question of whether a contract is ambiguous is a question of law for
the trial court’s determination. See Long Island Owners Ass’n v. Davidson, 965 S.W.2d
674, 684 (Tex. App.–Corpus Christi 1998, pet. denied). A contract is ambiguous if it is
reasonably susceptible to more than one meaning. Id. at 393. 
          Here, neither party argues that the terms of the right-of-way easement are
ambiguous; rather, they merely disagree over its construction and interpretation. A
disagreement over the meaning of a contract provision does not render the provision
ambiguous. Pegasus Energy Group, Inc. v. Cheyenne Petroleum Co., 3 S.W.3d 112, 120
(Tex. App.–Corpus Christi 1999, pet. denied). 
          When the parties disagree over the meaning of an unambiguous contract, the court
must determine the parties’ intent by examining and considering the entire writing in an
effort to give effect to the parties’ intentions as expressed in the contract. Coker, 650
S.W.2d at 393. The parties’ intent must be taken from the agreement itself, not from the
parties’ present interpretation, and the agreement must be enforced as written. See
Pegasus Energy Group, Inc., 3 S.W.3d at 121. Legal conclusions of the trial court are
always reviewable, and the appellate court is not obligated to give any particular deference
to those conclusions. Id. We review questions of law de novo. Heal v. State, 917 S.W.2d
6, 9 (Tex. 1996). As the final arbiter of the law, we have the power and the duty to
evaluate independently the legal determinations of the trial court. See Pegasus Energy
Group, Inc., 3 S.W.3d at 121. A trial court’s legal conclusions will be upheld on appeal
unless they are erroneous as a matter of law. Id. 
Discussion
          In its sole issue, appellant claims that the trial court’s judgment limiting its use of its
easement solely to Expressway 77/83 was erroneous because the trial court’s ruling is
contrary to the easement’s language. 
          The terms of the right-of-way easement state, in relevant part:
This conveyance is made for the purpose of constructing a highway facility
which the State plans to ultimately develop [sic] a FREEWAY with adjacent
outer Frontage Roads. When completed and operated as a Freeway, the
grantors remaining property shall abut and have access to the abutting
Frontage Road, and his use of and access to the FREEWAY lanes shall be
subject to the same regulation by legally constituted authority as applied to
the public use thereof. Any and all abutter’s right of direct access to the
FREEWAY lanes are hereby released and relinquished to the Grantee.
 
For the purpose of opening, constructing and maintaining a permanent
highway in, along, upon and across said premises, with the right and
privilege at all times of the grantee herein, his or its agents, employees,
workmen and representatives having ingress, egress, and regress in, along,
upon and across said premises for the purpose of making additions to,
improvements on and repairs to the said highway, or any part thereof.
 
It is specifically understood that the State and its assigns shall be
vested with the title to and the right to take and use, without additional
compensation, any stone, earth, gravel, caliche or any other materials or
minerals upon, in and under said land, except oil, gas and sulphur, for the
construction and maintenance of the Highway System of Texas.

          The trial court, in interpreting the easement’s language, held: 
 
. . . . that the State of Texas shall use Right of Way Easement . . . . only for
the purposes expressed in such easement, same being the construction of,
maintenance of, repair of, and making of improvements to Expressway
77/83. The State of Texas may not use said easement for the maintenance
or repair of any other state roadway other than Expressway 77/83. 

          Having reviewed the record, we conclude that, as a matter of law, the trial court’s
judgment limiting appellant’s use of its right-of-way easement solely to Expressway 77/83
is erroneous. See Pegasus Energy Group, Inc., 3 S.W.3d at 121. 
          In interpreting the intent of the parties, we find that the agreement supports
appellant’s use of its right-of-way easement not just for the construction, maintenance,
repair, and improvement to Expressway 77/83, but also for the construction, maintenance,
repair, and improvement to other adjacent highways. See id.
          In reaching our decision, we note that Expressway 77/83 is not specifically
referenced anywhere in the agreement. Further, in staying within the four corners of the
agreement, we hold that appellant has the following privileges, which are not limited solely
to Expressway 77/83: (1) provision one allows appellant to construct a highway facility and
provides the appellee/property owner with access to the abutting frontage road, but not
direct access to the freeway; (2) provision two allows appellant to open, construct, and
maintain a permanent highway and most importantly, make “additions to,” “improvements
on,” and repairs to the highway; and (3) provision three allows appellant to take without
compensation any stone, earth, gravel, caliche or any other materials or minerals
(excluding oil, gas, and sulfphur) in and under the easement for construction and
maintenance of the Highway System of Texas. See id.
          Because the trial court’s final judgment improperly limits appellant’s use of its right-of-way easement solely to Expressway 77/83, we modify the judgment by deleting
paragraph three. Accordingly, the trial court’s judgment is affirmed as modified. See Tex.
R. App. P. 43.2(b). 
 
 
                                                                                                                      
                                                               LINDA REYNA YAÑEZ
                                                                           Justice






Memorandum opinion delivered and filed this the
2nd day of December, 2004.